United States District Court
Middle District of Florida
Jacksonville Division

**SHURI NORRIS & TAIFA MCCRAY,**

    *Plaintiffs,*

V.                                                                   No. 3:16-CV-806-J-39PDB

**MIKE WILLIAMS ET AL.,**

    *Defendants.*

# Order

Before the Court are (1) the plaintiffs' motion to partially quash a subpoena to the extent it seeks production of Shuri Norris's statement to her property insurer, Doc. 38; (2) the plaintiffs' motion to compel the defendants to identify a confidential informant and provide discovery concerning the informant, Doc. 39; and (3) the parties' oral request to extend the deadlines and event dates in the amended case management and scheduling order. The defendants oppose the motions. Docs. 42, 43. The Court heard argument on them on November 2, 2017. Doc. 44.

Through the motion to quash, the plaintiffs seek to prevent disclosure of the statement Norris made to an adjuster for her property insurer, Universal Property & Casualty Insurance Company, in the presence of her counsel. Doc. 38. She contends the statement is protected by the attorney-client privilege and the work-product doctrine. Doc. 38 at 3–5. The defendants respond the statement is not privileged because Norris made it in the presence of a third party (the adjuster). Doc. 42 at 2–5. They respond the statement is not work product because it was not made in anticipation of litigation. Doc. 42 at 5–6. They argue the cases the plaintiffs cite are distinguishable because they involve statements by insureds to insurers with a possible duty to defend the insured. Doc. 42 at 3–6.

The attorney-client privilege "protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance."* *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). To establish the privilege, a party must prove:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [a] member of a bar of a court[] or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990) (internal block quoting omitted). The party invoking the privilege has the burden of proving its existence. *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987). Because the privilege "serves to obscure the truth, it should be construed as narrowly as is consistent with its purpose." *Noriega*, 917 F.2d at 1551 (internal quotation marks and alterations omitted). It is unavailable if a party has disclosed privileged communications to a third party. *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987).

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its

---

*"Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (internal quotation marks omitted); *see also* Fed. R. Evid. 501.

2

representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). A document or tangible thing was prepared in anticipation of litigation if "the primary motivating purpose" behind its creation was "to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981). "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes" are not protected. Fed. R. Civ. P. 26(b)(3), Advisory Comm. Notes to 1970 Amend. The party seeking work-product protection has the burden of establishing the doctrine applies. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013).

The attorney-client privilege does not protect Norris's statement from disclosure because she made the statement to an adjuster and not to her lawyer, she was not seeking legal advice, and the adjuster's presence was unnecessary to any communication with her lawyer. The purpose underlying the privilege—encouraging full and frank communication between lawyer and client—is absent. The plaintiffs have not shown any exception applies. The cases they cite are distinguishable because they involved an insured's statements to an insurer with a possible duty to defend the insured in litigation.

The work-product doctrine does not protect Norris's statement from disclosure. She did not make the statement, and the adjuster did not record it, in anticipation litigation. Her primary motivating purpose in providing the statement was to obtain insurance benefits and fulfill her obligation to provide information pertinent to the claim, and the adjuster's primary motivating purpose in recording it was to evaluate the claim. Neither was motivated to produce the statement "to aid in possible future litigation." See *Davis*, 636 F.2d at 1040 (quoted).

The Court **denies** the motion to partially quash the subpoena to Universal, Doc. 38.

For the reasons stated at the hearing (primarily to avoid a potentially unnecessary decision on a difficult issue with consequences for the confidential informant and law enforcement, including law enforcement's ability to use him or her for ongoing and future investigations), the Court **defers ruling on** the motion to compel, Doc. 39, until after the parties participate in mediation. If mediation is unsuccessful, the Court will expeditiously decide the motion.

The Court **grants** the parties' oral request for a 60-day extension of the remaining deadlines and event dates in the amended case management and scheduling order, Doc. 36. The Court will separately enter a second amended case management and scheduling order.

**Ordered** in Jacksonville, Florida, on November 3, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record